Citation Nr: 1761209 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 09-16 443 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to service connection for a bilateral knee disability, also claimed as "runner's knee."


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. E. Griffith, Associate Counsel




INTRODUCTION

The Veteran served on active duty for training (ACDUTRA) from July 1986 to November 1986. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a January 2008 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

The case was previously remanded by the Board in June 2012, August 2014, and August 2015 for further development, including obtaining and associating with the claims file any outstanding service treatment records. For the reasons discussed below, the Board finds that there has been substantial compliance with its prior remand directives. See Stegall v. West, 11. Vet. App. 268 (1998).


FINDING OF FACT

The weight of the evidence is against a finding of a bilateral knee disability at any time during the pendency of the Veteran's appeal.


CONCLUSION OF LAW

The criteria for service connection for a bilateral knee disability have not been met. 38 U.S.C. §§ 1101, 1131 (2012); 38 C.F.R. §§ 3.303, 3.304 (2017).






REASONS AND BASES FOR FINDING AND CONCLUSION

Procedural duties
 
VA has a duty to notify and assist claimants in substantiating claims for VA benefits. See e.g., 38 U.S.C. §§ 5103, 5103A (2012); 38 C.F.R. § 3.159 (2017). In the instant case, VA provided adequate notice in a letter sent to the Veteran in August 2007. The Veteran's representative requested in January 2017 that a December 2015 notification letter and August 2016 supplemental statement of the case be re-sent to the Veteran, because she changed addresses. Subsequently, VA provided a supplemental statement of the case in June 2017 at the Veteran's updated address, satisfying VA's duty to notify.

With respect to the VA's duty to assist a claimant in the development of a claim, this duty requires assisting the claimant in the procurement of relevant treatment records and providing an examination when necessary. 38 U.S.C. § 5103A; 38 C.F.R. § 3.159. VA must make as many requests as necessary to obtain Federal records unless it concludes the records do not exist or further efforts to obtain these records would be futile. 38 U.S.C. § 5103A; 38 C.F.R. § 21.1032. In this case, after several remands, VA records management center conducted multiple searches of files activity for all records which may be associated with the Veteran, to include claims folder and Service Treatment Records (STRs), according to a March 2016 memorandum. Accordingly, the Board finds that further efforts to obtain these records would be futile and the RO has complied with the remand orders. See Stegall, 11. Vet. App. at 268.

In this case, the Veteran has ACDUTRA service. Service connection may be awarded for injury or disease incurred or aggravated during a period of ACDUTRA. 38 U.S.C. § 101(24)(B) (2012); 38 C.F.R. § 3.6(a) (2017).

As noted above, as part of the duty to assist claimants, VA must provide a medical examination or obtain a medical opinion when such an examination or opinion is necessary to make a decision on the claim. See Barr v. Nicholson, 21 Vet. App. 303, 310 (2007); 38 U.S.C. § 5103A(d)(1). A medical opinion is adequate when it is based upon consideration of the veteran's prior medical history and examinations and also describes the disability in sufficient detail so that the Board's evaluation of the claimed disability will be a fully informed one. See Barr v. Nicholson, 21 Vet. App. at 305. The probative value of medical opinion evidence is based on the medical expert's personal examination of the patient, the physician's knowledge and skill in analyzing the data, and the medical conclusion that the physician reaches. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (quoting Guerrieri v. Brown, 4 Vet.App. 467, 470-71 (1993)). In this case, VA provided the Veteran an examination in September 2014, at which the Veteran underwent knee and range of motion testing. The VA examiner conducted x-ray testing bilaterally. The examiner considered the Veteran's lay statements of how the claimed condition was incurred. The examiner was a qualified nurse practitioner. Accordingly, the Board finds the examination was adequate.

Service connection

Service connection may be granted for disability resulting from personal injury suffered or disease contracted in the line of duty or for aggravation of a pre-existing injury or disease in the line of duty. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. To establish entitlement to service-connected compensation benefits, a Veteran must show "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service-the so-called 'nexus' requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

The Veteran is competent to report symptoms observable by sense and contemporaneous medical diagnoses, but not competent to diagnose or assess the etiology of a disorder. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

The standard of proof to be applied in decisions on claims for VA benefits is set forth in 38 U.S.C. § 5107(b) (2012). Under that provision, VA shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Board finds that the criteria for service connection for a knee disability, also claimed as "runner's knee," have not been met. 38 C.F.R. § 3.303.

The Veteran's claim for a knee disability must be denied because there is no competent evidence of a current disability, the first element of service connection. See September 2014 VA examination. The September 2014 VA examination included x-rays and range of motion testing. The Veteran had full range of motion of both knees and no objective evidence of painful motion. The examiner is a competent medical professional, who considered the available treatment records, the Veteran's lay statements, and diagnostic tests. Accordingly, the Board finds this evidence highly probative as to the lack of a current disability. No other competent evidence of record refutes the findings of the examiner.

The Veteran reported in her July 2007 statement that she has pain in her knees that interferes in her daily life. While she is competent to report symptoms observable by her senses, there is no evidence that the Veteran is competent to diagnose disorders and her claim of a knee disorder is inconsistent with the medical evidence of record. See Jandreau, 492 F.3d 1372 at 1377.
 
Service connection for a knee condition is not warranted, as the Veteran has no current knee disability. As discussed above, the September 2014 VA examination found no evidence of a knee condition, nor are there other treatment records to support a diagnosis of a knee disorder.

Accordingly, the Board finds that the preponderance of the evidence is against the claim and entitlement to service connection for a knee condition, also claimed as "runner's knee," is denied. 38 U.S.C. § 5107 (b) (2012); Gilbert v. Derwinksi, 1 Vet. App. 49 (1990).


ORDER

Entitlement to service connection for a bilateral knee disability is denied.



____________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs